[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT
The plaintiff alleges in her amended complaint dated November 15, 2002, that on September 1, 1998 she was hired by the defendant Correctional Managed Health Care ("CMHC"), a division of the University of Connecticut Health Center, as a correctional nurse. On her hiring, the CMHC sent her to a training academy conducted by the Department of Correction ("DOC"). On or about November 24, 1998, she was ordered by a DOC training official to file an incident report relating to a disagreement that she had over the athletic conditioning taking place during the training. This confrontational meeting arose after the plaintiff had complained to the contact person at CMHC, Robert Camilleri. She alleges that she resigned rather than complete the incident report. She subsequently rescinded her resignation on February 2, 1999 and requested re-employment by CMHC.
The plaintiff's renewed application was rejected by CMHC and she then brought a complaint to the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunities Commission ("EEOC"). The plaintiff requested and received a "right to sue" letter from the CHRO and the EEOC and timely commenced the present suit. The defendants have moved for summary judgment as regards each of the six counts of the complaint as amended, claiming that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Practice Book § 17-49.
The first count is brought against DOC claiming a "hostile sexual work environment." The DOC first claims that it is not the plaintiff's employer, citing Bramwell v. University of Connecticut Health CareCenter, United States District Court, district of Connecticut, Docket No. 3:00 CV 1934 (SRU) (2002). While Bramwell does discuss a similar situation of a correctional nurse, here it is possible that the trier of fact would find, unlike Bramwell, that she was being directed by the DOC at the time of her resignation. There is an outstanding issue of fact on CT Page 2874 this point.
The DOC also claims that the plaintiff did not sufficiently allege in her CHRO and EEOC complaints that she was affected by a hostile sexual work environment. She did allege, however, that employees of the DOC had engaged in sex discrimination. The court concludes that these statements in the administrative complaints were sufficient to support the allegations in Count One. The allegations of the complaint reasonably grew out of the statements before the CHRO and EEOC. Sanchez v. StandardBrands, Inc., 431 F.2d 455, 464 (5th Cir. 1970); Brown v. Coach Stores,Inc., 163 F.3d 706, 712 (2d Cir. 1998).
The DOC contends that summary judgment is appropriate on the plaintiff's hostile work environment claim against it. But whether the record supports such a claim has to be drawn from all the totality of the circumstances. Leibovitz v. New York City Transit Authority, 252 F.3d 179
(2d Cir. 2001). One incident may provide sufficient under the standard of severity and pervasiveness. See Howley v. Town of Stratford, 217 F.3d 141
(2d Cir. 2001). On this record, the court cannot grant summary judgment without giving the fact-finder an opportunity to consider whether the alleged incident at the office on November 24th, and the factual background thereto, met the requisite standard.
Finally with regard to the first count, the DOC claims summary judgment under an affirmative defense that it took steps to minimize harassment and that the plaintiff failed to follow DOC's established complaint procedure. Burlington Industries v. Ellerth, 524 U.S. 742, 765 (1998). Here, however, there is a genuine issue of material fact over whether there was a tangible employment action taken against the plaintiff as well as whether there was a complaint procedure and whether the plaintiff satisfied that by her contact with Camilleri. Thus summary judgment is unavailable on the special defense.
The plaintiff alleges in the second count that she was constructively discharged. Using the test as set forth in Stetson v. Nynex ServiceCompany, 995 F.2d 355 (2d Cir. 1993), however, the court concludes that summary judgment is appropriate on this count. While the DOC officials' actions were questionable, the plaintiff's working conditions were not so intolerable to force her into an involuntary resignation. In addition, the plaintiff claims in her brief (at 12-13) that the constructive discharge was caused by the defendants forcing her to sign the incident report, thereby allegedly leading to retaliation by prison guards in any future DOC nursing position. This possible injury is not due to disability or gender discrimination. CT Page 2875
As to the third count, the plaintiff has agreed to a withdrawal, because, under the existing Eleventh Amendment jurisprudence, an action under the Americans with Disabilities Act cannot be brought against state agencies. See Board of Trustees v. Garrett, 531 U.S. 356 (2001).
With regard to the fourth count, the plaintiff alleges against CMHC that she was harassed and forced to resign. For the reasons stated above, the court denies summary judgment on the allegations of the fourth count as they relate to harassment, but grants summary judgment on the allegations that the plaintiff was constructively discharged.
Counts five and six allege that the plaintiff was the victim of retaliation. In count five, the defendants allegedly discriminated against her because she complained to Camilleri about her treatment during training. Count six alleges that the plaintiff's application to be re-hired was rejected as retaliation against her for bringing her CHRO complaint. The court concludes that under the test for a retaliation complaint set forth in Reed v. A. W. Lawrence Co., Inc., 95 F.3d 1170
(2d Cir. 1996), there are issues of fact remaining on these counts. The fact-finder will have to evaluate the factual allegation that the plaintiff frequently contacted Camilleri about her treatment at the training academy. Also the fact-finder will have to evaluate whether the defendants legitimately refused to rehire the plaintiff, or whether her filing of the CHRO complaint was a factor in their decision.
Therefore summary judgment is granted as to the second and third counts and the fourth count in part. Summary judgment is denied as to the first, fourth (in part), fifth, and sixth counts. So ordered.
Henry S. Cohn, J. CT Page 2876